# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL POOLE,
    Plaintiff,

v.                                          Case No. 07-C-0086

SERGEANT CURLER and
CAPTAIN BIENISH,
    Defendants.[1]

## DECISION AND ORDER

Plaintiff, Daniel Poole, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before me on plaintiff's petition to proceed in forma pauperis.

### I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the

---

[1] In my order of January 29, 2007, I referred to defendant as Sergeant Curder. However, review of the complaint indicates that his last name is properly spelled "Curler." Thus, the caption has been amended accordingly.

average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[2]

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $5.93. Thus, plaintiff will be permitted to proceed in forma pauperis. The remainder of the filing fee will be collected as set forth below.

## II. SCREENING

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

---

[2] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se

allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**A.  Background**

Plaintiff is incarcerated at Milwaukee Secure Detention Facility (MSDF) at all times relevant. Defendant Sergeant Curler is employed as a sergeant at MSDF. Id. at 2. Defendant Bienish is employed as an MSDF captain. Id.

On October 29, 2006, plaintiff informed defendant Curler that two other inmates threatened him with physical harm. Specifically, plaintiff stated that he had been marked because he testified against the two inmates' friends in a drug case, causing their friends to be convicted and incarcerated. Plaintiff requested that he be immediately moved to another unit or placed in protective custody. Defendant Curler asked permission from defendant Bienish to move plaintiff. However, defendant Bienish denied plaintiff's request.

Plaintiff asked defendant Curler what he should do in the event of an attack. Defendant Curler advised plaintiff not to fight back and to alert staff. Defendant Curler told plaintiff to write to security director Iona Guillonta to request protection from the two inmates. Defendant Curler also indicated that he would record plaintiff's inquiry into the log book to alert the third and first shift staff members. According to plaintiff, defendants Curler and Bienish did not investigate the situation or interview the two inmates who threatened plaintiff.

On October 30, 2006, plaintiff was knocked unconscious by a Latino inmate. When he regained consciousness, Officer Steffens helped plaintiff into a sitting position and asked him what happened. Plaintiff told Officer Steffens that a Latino inmate came up behind him and hit him two or three times in his right eye and jaw. Plaintiff told prison officials that he did not know the Latino inmate's name but that he lived in Cell 1.

4

Officers subsequently took plaintiff to the health care unit, where medical professioals examined him and gave him medication for the pain in his head, eye and jaw and an ice pack for his swollen head and elbow.

Shortly after plaintiff returned to his cell, Officer L.T. Johnson came to take him to segregation. Plaintiff was charged with lying to staff and disruptive conduct. Plaintiff avers that had Officer Johnson reviewed the log book and the cameras in the unit, plaintiff would not have been charged with these violations. Instead, Officer Johnson believed the statements of three other inmates who said that plaintiff was injured as the result of a seizure. On November 28, 2006, the adjustment committee found plaintiff not guilty on both charges.

Plaintiff charges defendants with violating his rights under the Eighth and Fourteenth Amendments. For relief, plaintiff demands declaratory and injunctive relief as well as monetary damages.

**B.    Analysis**

Plaintiff alleges that defendants failed to protect him from attack by another inmate. As a pretrial detainee, plaintiff's failure to protect claim arises under the Fourteenth Amendment. Board v. Farnham, 394 F.3d 469, 477-78 (7th Cir. 2005). However, "[t]he distinction [between pretrial detainee and prisoner status] is immaterial since the legal standard for § a 1983 claim is the same under either the Cruel and Unusual Punishment Clause of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment." Whiting v. Marathon Co. Sheriff's Dep't, 382 F.3d 700, 703 (7th Cir. 2004).

The Eighth Amendment imposes upon prison officials the duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832

5

(1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). This duty requires prison officials "to protect prisoners from violence at the hands of other prisoners." Id. at 833 (internal quotations omitted). To state a failure to protect claim, a plaintiff-inmate must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. Id. at 834. In the present case, plaintiff has met this standard; he claims that defendants Curler and Bienish were informed that he was in danger of being attacked and failed to take action to protect him from serious injury. Thus, plaintiff may proceed on a claim predicated on the Fourteenth Amendment.

The plaintiff further avers that defendants violated his rights under the Eighth Amendment. Eighth Amendment scrutiny is only appropriate after a formal adjudication of guilt. Ingraham v. Wright, 430 U.S. 651, 671-72 n. 40 (1977). However, plaintiff was a pretrial detainee when the alleged wrongdoing occurred. Thus, I will dismiss plaintiff's Eighth Amendment claim.

As a final matter, plaintiff requests that counsel be appointed to represent him in this action. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Id. at 1073. If plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id.

6

In this case, plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Plaintiff should provide the court with the names and addresses of at least three attorneys he has contacted regarding this action. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Plaintiff has been allowed to proceed on one narrow claim that is not legally complex. Accordingly, I will deny plaintiff's request for appointment of counsel without prejudice.

### III. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's petition to proceed in forma pauperis (Doc. # 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's request for appointment of counsel is **DENIED WITHOUT PREJUDICE.**

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

7

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $344.07 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 29 day of July, 2007.

/s
LYNN ADELMAN
District Judge